NOVEMBER 1, 1944

No. 49783.— —Protest 60676–K of W. X. Huber Co. —Government's application for rehearing granted.

BEFORE THE SECOND DIVISION, NOVEMBER 8, 1944

No. 49784.—Petition 6397–R of M. H. Garvey Co. (Boston).

Opinion by LAWRENCE, J. It appeared that the additional duties in this case resulted from an advance of 10 percent in the market value but neither the examiner, who was asked for information at the time of entry, nor the petitioner, knew of the advance at the time of entry but later information submitted by the petitioner at request of examiner verified this increase. The court was satisfied that the entry was made without any intention to defraud the revenue of the United States or to conceal or misrepresent the facts. The petition was therefore granted.

No. 49785.—Petition 6424–R of Robert M. Davidson, as president of Sanib Corporation (New York).

Opinion by LAWRENCE, J. It appeared in this case that the difference in values arose from appraising the present merchandise on the basis of its United States value rather than its foreign value, which basis had been employed in appraising all previous importations of similar merchandise over a period of years. From a thorough examination of the record and full consideration of the facts, the court was convinced of the good faith of the petitioner. The petition was therefore granted.

BEFORE THE THIRD DIVISION, NOVEMBER 9, 1944

No. 49786.—Protests 941634–G, etc., of B. R. Anderson & Co. et al. (Seattle).

Opinion by CLINE, J. In accordance with stipulation of counsel that the merchandise is the same as that passed upon in *Mutual Supply Co.* v. *United States* (12 Cust. Ct. 136, C. D. 842), the merchandise was held dutiable as claimed.

No. 49787.—Protest 110280–K of C. J. Tower & Sons (Buffalo).

Opinion by CLINE, J. It was stipulated that the merchandise in question is the same as that passed upon in *Richardson* v. *United States* (12 Cust. Ct. 6, C. D. 823). In accordance therewith the court sustained the claim.