Opinion by CLINE, J.   It was stipulated as follows: (1) That certain of the merchandise consists of cheese similar in all material respects to that the subject of *Gruyere Cheese Corp.* v. *United States* (7 Cust. Ct. 171, C. D. 562) and *Kraft Phenix Cheese Corp.* v. *United States* (10 Cust. Ct. 271, C. D. 767); and (2) .that certain other merchandise consists of portions of cheese packed in boxes and that all such portions, except one portion which is Tilsit, are similar to the cheese the subject of the above-cited cases.   In accordance therewith it was held that the merchandise in question is properly dutiable at 5 cents per pound, but not less than 20 percent ad valorem, under paragraph 710, as modified by T. D; 48554.

No. 50491.—Protests 50282–K, etc., of Asia Co. et al. (Los Angeles).

Opinion by CLINE, J.   It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), which record was admitted in evidence herein.   In accordance therewith the merchandise represented by the items marked with the letter "A" on the invoices was held free of duty under paragraph 1705 as kelp; and that represented by the items marked with the letter "B" on the invoices was held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.   The protests were sustained to this extent.

No. 50492.—Protests 987156-G, etc., of Geo. S. Bush & Co., Inc.   (Seattle).

Opinion by CLINE, J.   It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), which record was admitted in evidence herein.   In accordance therewith the merchandise represented by the items marked with the letter "A" on the invoices was held free of duty under paragraph 1705 as kelp; and that represented by the items marked with the letter "B" on the invoices was held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.   The protests were sustained to this extent.

No. 50493.—Protests 84224–K, etc., of Fujimoto Co. et al. (San Francisco).

Opinion by CLINE, J.   In view of stipulation and the cited authorities, the merchandise in question was held dutiable as follows: (1) The portion marked "A" on the invoices, similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), held free of duty under paragraph 1705 as kelp; (2) the portion marked "B" on the invoices, similar to that the subject of *United States* v. *Nippon Co., supra,* held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured; and (3) the portion marked "C" on the invoices, the same as that the subject of *Mutual Supply Co.* v. *United States* (12 Cust. Ct. 136, C. D. 842), held dutiable at 25 percent under paragraph 775, as modified by the trade agreement with the Netherlands (T. D. 48075), as onions, pickled or packed in brine.   The protests were sustained to this extent.

No. 50494.—Protests 34514–K, etc., of Foster Canning Co., Inc. (Los Angeles).

Opinion by Keefe, J. In accordance with stipulation of counsel that the merchandise consists of dog food similar in all material respects to that the subject of *Corporacion Argentina de Productores de Carnes* v. *United States* (32 C. C. P. A. 175, C. A. D. 304), which record was incorporated herein, the protests were sustained as claimed.

**No. 50495.**—Protests 50902–K, etc., of Foster Canning Co., Inc. (Norfolk).

Opinion by Keefe, J. In accordance with stipulation of counsel that the merchandise consists of dog food similar in all material respects to that the subject of *Corporacion Argentina de Productores de Carnes* v. *United States* (32 C. C. P. A. 175, C. A. D. 304), which record was incorporated herein, the protests were sustained as claimed.

**No. 50496.**—Protest 73271–K of Foster Canning Co., Inc. (Philadelphia).

Opinion by Keefe, J. In accordance with stipulation of counsel that the merchandise consists of dog food similar in all material respects to that the subject of *Corporacion Argentina de Productores de Carnes* v. *United States* (32 C. C. P. A. 175, C. A. D. 304), which record was incorporated herein, the protest was sustained as claimed.

**No. 50497.**—Protest 69570–K of H. P. Lambert Co. (Boston).

Opinion by Keefe, J. In accordance with stipulation of counsel that the merchandise consists of dog food similar in all material respects to that the subject of *Corporacion Argentina de Productores de Carnes* v. *United States* (32 C. C. P. A. 175, C. A. D. 304), which record was incorporated herein, the protest was sustained as claimed.

**No. 50498.**—Protest 104730–K/12616 of Geo. Wm. Rueff, Inc. (New Orleans).

Opinion by Keefe, J. At the trial the inspector's report of shortage was admitted in evidence and Government counsel conceded that the 493 monkeys in question were short landed. The collector was directed to reliquidate the entry and make refund of all duties taken upon the 493 monkeys not landed in this country.

**No. 50499.**—Protest 110679–K of Herbert B. Moller (Tampa).