Opinion by CLINE, J. It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), which record was admitted in evidence herein. In accordance therewith certain items of the merchandise were held entitled to free entry under paragraph 1705 as kelp and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.

**No. 50519.**—Protests 50217–K, etc., of Alexander & Baldwin, Ltd., et al. (Honolulu).

Opinion by CLINE, J. It was stipulated that the merchandise is similar in all material respects to that the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), which record was admitted in evidence herein. In accordance therewith certain items of the merchandise were held entitled to free entry under paragraph 1705 as kelp and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured.

**No. 50520.**—Protests 980899–G, etc., of Daimaru Co. et al. (San Francisco).

Opinion by CLINE, J. In view of the stipulation and the cited authorities, which records were admitted in evidence herein, the merchandise in question was held dutiable as follows: (1) Certain items, similar in all material respects to those the subject of *United States* v. *Nippon Co.* (32 C. C. P. A. 164, C. A. D. 303), were held entitled to free entry under paragraph 1705 as kelp, and other items were held dutiable at 10 percent under paragraph 1540 as seaweeds, manufactured; and (2) merchandise the same as that the subject of *Mutual Supply Co.* v. *United States* (12 Cust. Ct. 138, C. D. 842) was held dutiable at 25 percent under paragraph 775, as modified by the trade agreement with the Netherlands (T. D. 48075), as onions, pickled or packed in brine.

**No. 50521.**—Protests 41304–K, etc., of Lloyd Mfg. Co. (Providence).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50522.**—Protest 49334–K of Kaufmann Dept. Stores (Pittsburgh).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court, found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protest was sustained to this extent.

**No. 50523.**—Protests 57729–K, etc., of Stalker Manufacturing Co. et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50524.**—Protest 63495–K of Stoeger Arms Corp. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on the entry. The protest was sustained to this extent.

**No. 50525.**—Protests 77046–K, etc., of Limited Editions Club, Inc., et al. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United S ates* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *J hn Barr* v. *United States*, 324 U. S. 83, decided